65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eleanor JABLONSKY, individually and as Special Administrator
of the Estate of George Jablonsky, Jr., Plaintiff-Appellant,
v.
CITY OF VALLEJO; Brett Liddicoet, individually and in his
capacity as an Officer of the Vallejo Police Department;
Wynathen Ketchum, individually and in his capacity as an
Officer of the Vallejo Police Department aka Nathaniel
Ketchum; William Coop, individually and as an Officer in
the California Highway Patrol, Defendants-Appellees.
 No. 94-15444.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: SNEED, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eleanor Jablonsky comes before us seeking damages for the tragic death of her son, George Jablonsky, Jr., at the hands of a violent fellow inmate in the Solano County Jail. Though we sympathize with her plight, we find no error in the district court's grant of summary judgment for the remaining defendants.
 
 
 3
 1. We need not reach plaintiff's argument that the Fourth Amendment's "reasonableness" test provides the standard against which defendants' actions should be judged. Unlike the district court at the time it granted summary judgment, we have the advantage of factfinding by the jury. The defense verdict on Jablonsky's negligence claims establishes that she would have been unable to prevail against the defendants left in the case after plaintiff settled with the Solano County defendants.
 
 
 4
 The jury found Liddicoet was not negligent and, while it did declare Ketchum negligent, it didn't find that this negligence caused George Jablonsky's death. [See Special Verdict (Feb. 1, 1994), ER at 233.] It was obviously not unreasonable for Liddicoet to act with due diligence and, to the extent Ketchum may have acted unreasonably, he did not thereby harm George Jablonsky. Even were we to agree with plaintiff that the Fourth Amendment governs her claims, she could not prevail.
 
 
 5
 2. For precisely the same reasons, we uphold the grant of summary judgment in favor of Liddicoet and Ketchum on Jablonsky's Fourteenth Amendment due process claims. Since Liddicoet wasn't negligent and Ketchum's negligence did not affect George Jablonsky, neither officer can be said to have acted "unreasonably" with respect to the deceased.
 
 
 6
 3. Plaintiff's claim that the City of Vallejo failed to give its officers proper training fails because she did not show anything amounting to deliberate indifference to the rights of persons with whom Vallejo officers came into contact. See generally City of Canton v. Harris, 489 U.S. 378, 389-90 (1989). Plaintiff did not show that "the need for more or different training is so obvious ... that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Id. at 390. Nor does anything in the record suggest a pattern of incidents similar to that which resulted in George Jablonsky's death; there was nothing to put the Vallejo city fathers on notice that police needed to be trained to warn jailers that inmates may harm each other. See, e.g., id. at 390 n. 10 (noting possibility that officers might "so often violate constitutional rights that the need for further training must have been plainly obvious"); id. at 397 (O'Connor, J., concurring in part) (suggesting municipal liability where officials acquiesce in "a pattern of constitutional violations").
 
 
 7
 4. Finally, we find no abuse of the district court's wide discretion in handling the testimony of James Glennon. Plaintiff showed no prejudice from the Deputy City Attorney's violation of the Scheduling Order, and the district court's decision to let the testimony stand but award attorneys' fees for the time plaintiff spent on this dispute was entirely appropriate.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3